# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Camelot Banquet Rooms, Inc.,
Downtown Juneau Investments, LLC,
Midrad, LLC, and
PPH Properties I, LLC

    Plaintiffs

    v.          Case No. 20-cv-601-LA

United States Small Business
Administration; Jovita Carranza, in her
Official Capacity as Administrator of the
Small Business Administration; United
States of America; and Steven Mnuchin, in
his Official Capacity as United States
Secretary of Treasury,

    Defendants

## EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER and
## PRELIMINARY INJUNCTION and
## REQUEST FOR IMMEDIATE TELEPHONIC HEARING

  Plaintiffs, by their counsel, The Jeff Scott Olson Law Firm, by Attorney Jeff Scott Olson, pursuant to FRCivP, Rule 65, hereby move the Court for the entry of an Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction prohibiting the Small Business Administration ("SBA") and Jovita Carranza in her official capacity as the Administrator thereof, the United States of America, and Steven

Mnuchin in his official capacity as the United States Secretary of Treasury (collectively "Defendants") from enforcing 13 C.F.R. 120.110(p) and SBA Standard Operating Procedure 50 10 5(K), Subpart B III (A)(15) against Plaintiffs, when applying for benefits under the Paycheck Protection Program ("PPP") of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). In support of this motion, Plaintiffs assert the following.

1. This motion is filed in response to the SBA's guidance for implementing its Congressional charges under the CARES Act.

2. The CARES Act creates a new business loan program titled the Paycheck Protection Program ("PPP"), funds the same on a "first come, first served" basis, provides two statutory criteria regarding a business's eligibility, and tasks the SBA with administering the program. The SBA's promulgated guidance seeks to enforce 13 C.F.R § 120.110(p) (the "Regulation"), effectively denying Plaintiffs (and others who similarly engaged in the lawful presentation of adult entertainment) access to the financial benefit based on an unconstitutional Regulation.

3. Because the funding for the PPP is being dispensed on a "first-come, first-served" basis, and because of the severe impact that government-mandated "shut down" or "stay home" orders have had on businesses, especially the service industry, the SBA's enforcement of this Regulation is ruinous and irreparable for Plaintiffs' businesses, its employees, and dancers who perform on its premises. Delay in ruling

will deprive the Plaintiffs of any remedy at all.

4. As set forth more fully in the supporting brief and accompanying proposed findings of fact, filed herewith, the Regulation is unquestionably a content-based directive. Content-based restrictions on expression are presumed to be unconstitutional, so the government bears a heavy burden to demonstrate the Regulation is narrowly tailored to a compelling interest. The Regulation uses concepts taken from obscenity jurisprudence without the necessary safeguards to protect legitimate, non-obscene expression. The Regulation violates the doctrine of unconstitutional conditions and also denies equal protection of the law. These points weigh heavily in Plaintiffs' favor on the likelihood of success.

5. Pursuant to Rule 65(b)(1)(B), the undersigned hereby certifies that he has sought out the email addresses for Defendants and their counsel and will be providing notice in conformity with the Certificate of Service appended to the end of this document.

**PRAYER FOR RELIEF**

For the reasons set forth above and in the Brief in Support of this Motion, Plaintiff respectfully requests this Honorable Court:

A. Issue orders granting a Temporary Restraining Order, Preliminary, and Permanent Injunction enjoining the Defendants, as well as their employees, agent and

representatives, including the SBA's lending banks, from enforcing or utilizing in any fashion or manner whatsoever, 13 C.F.R. § 120.110(p) and SBA SOP 50 10 5(K), Ch. 2(III)(A)(15) in regard to loan applications made pursuant to the Payroll Protection Program of the CARES Act;

B. As part of those orders, order the Defendants, as well as their employees, agent and representatives, to notify, as expeditiously as possible, all SBA lending banks to immediately discontinue utilizing 13 C.F.R. § 120.110(p) and/or SBA SOP 50 10 5(K), Ch. 2(III)(A)(15) as criteria for determining PPP loan application eligibility, and to fully process all PPP loan applications without reference to such regulations and procedures;

C. Also as part of those orders, order the Defendants, as well as their employees, agent and representatives, including the SBA's lending banks, to restore Plaintiffs to the place in the application queue as they were at the time of application in the event that its application has already been formally denied, derailed, or paused because of the challenged regulations and procedures challenged here;

D. Enter an award of attorneys' fees and costs against the Defendants and in favor of the Plaintiffs; and

E. Enter any such other and further relief as this Court may find to be warranted in order to effect justice.

Dated April 13, 2020

    Respectfully submitted,

    Camelot Banquet Rooms, Inc.,
    Downtown Juneau Investments, LLC,
    Midrad, LLC, and
    PPH Properties I, LLC,

    Plaintiffs, By

    THE JEFF SCOTT OLSON LAW FIRM, S. C.

    Jeff Scott Olson
    State Bar Number 1016284
    131 West Wilson Street, Suite 1200
    Madison, Wisconsin 53703
    Phone   (608) 283-6001
    Fax      (608) 283-0945
    Email   JSOlson@scofflaw.com


       /s/ *Jeff Scott Olson*
    _____

    Jeff Scott Olson
    ATTORNEYS FOR PLAINTIFF

5

Case 2:20-cv-00601-LA   Filed 04/14/20   Page 5 of 6   Document 8

# CERTIFICATE OF SERVICE

I certify that on April 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

On April 14, 2020, a courtesy copy of the foregoing document was emailed to the parties and their counsels as follows:

Eric Benderson
Associate General Counsel for Litigation and Claims for the Small Business Administration
Eric.benderon@sba.gov

Susan M. Knepel, Chief, Civil Division
US Attorney's Office, Eastern District of Wisconsin
517 E Wisconsin Ave Rm 530
Milwaukee WI 53202-4509
Phone: (414) 297-1700
Fax: (414) 297-4394
Email: susan.knepel@usdoj.gov


A copy of this document will be served on all Defendants and their counsels with the summons and complaint via registered or certified mail and in conformity with FED. R. CIV. P. 4 and a supplemental certificate of service will filed with the Court.

/s/ Jeff Scott Olson
_____

6

Case 2:20-cv-00601-LA   Filed 04/14/20   Page 6 of 6   Document 8